## McCray v. Kiel

*Richard A. Hernan, Jr.,* for plaintiffs.
*Mervine & Calderwood,* for defendants.

WOLFE, *P.J.,* November 2, 1977—This is an action in assumpsit commenced before a district magistrate in Erie County. Plaintiff sought a judgment for $872.08. Defendants filed a countersuit seeking judgment against plaintiff for $1,250. Defendants were represented by counsel on the countersuit and the case was concluded by judgment for plaintiff on plaintiff's suit and against defendants on the countersuit.

Defendants thereafter took out a praecipe for a writ of certiorari which was perfected and which brought the magistrate's record before us. Plaintiffs have filed an oral motion to dismiss the writ for the reason defendants' ground for the writ is the magistrate lacked venue when, in fact, Erie County was the proper forum.

Defendants argue that, although the writ was taken out for improper venue of the magistrate, the magistrate lacked jurisdiction of the subject matter and for all practical purposes as applied to the facts of the case it is immaterial whether the writ was sought for lack of jurisdiction or improper venue. We disagree.

Rules of Civil Procedure govern actions and proceedings before Justices of the Peace. Rule 302 providing for venue states:

"A. An action against an individual may be brought in and only in a magisterial district where:
"(1) he may be served, or (2) the cause of action arose, or (3) a transaction or occurrence took

place out of which the cause of action arose, (4) but if service is to be made under Rule 313 upon a statutory agent of the individual the action may be brought in and only in the magisterial district where the cause of action arose."

Defendants argue the work performed by plaintiff was on his property in Warren County where defendants reside and there was no transaction or occurrence within Erie County that would submit the case to that forum for disposition.

A review of the certified transcript of the magistrate does not indicate how service of process was perfected of plaintiff's claim; however, the transcript shows the cross-claim filed by defendants in assumpsit and the appearance at hearing by counsel. There is some indication in the transcript that service was made on defendants by certified mail, however this is not conclusive and the docket, as stated, is silent in this respect. Nonetheless, we do not believe we have to resolve that issue because obviously defendants submitted to the jurisdiction by filing the cross-claim and entering into the litigation. This procedure is permitted under Rule 315 governing claims by defendants providing: "A. The defendant, by filing his own complaint at least five (5) days before the date set for the hearing, may assert in the case any claim against the plaintiff which is within the jurisdiction of a justice of the peace. Such a claim need not arise from the same transaction or occurrence from which the plaintiff's claim arose, nor need it be the same type of claim."

In the absence of appearance de bene esse a party may not be heard to argue he did not submit to the forum when he enters a cross-action.

Jurisdiction and venue are not synonymous in any factual situation. It is now hornbook law jurisdiction is the authority by which courts take cognizance of and decide cases. This authority is generally granted by statute or may emanate through common law and it has nothing to do primarily with the venue or place where that authority is to be exercised. Although venue may be agreed upon by the parties, jurisdiction may never be given by the parties to a court and although the former may be waived by conduct of a party the latter may always be challenged even on appeal.

It is clear defendants submitted to the venue and the writ will be dismissed for that reason without prejudice to take out the writ on an issue of jurisdiction if counsel still deems that argument appropriate.

We also believe it is improper for counsel to merely make an oral motion to dismiss the present writ without perfecting the record with a written motion because, at argument, there is no record made.

For the foregoing reasons we enter the following

## ORDER

And now, November 2, 1977, the motion to dismiss the writ of certiorari is granted without prejudice to defendants to take out the writ challenging lack of jurisdiction of magistrate over the subject matter. Plaintiffs are directed to file a written motion to dismiss the writ of certiorari.